**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| ANGEL RIVERA,<br><br>            Plaintiff,<br><br>    v.<br><br>CSC HOLDINGS, LLC a/k/a ALTICE,<br><br>            Defendant. | NO.: 3:24-cv-00541-SFR-RMS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S**
**MOTION TO COMPEL DISCOVERY AND FOR**
**FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(A)(5)(A)**

<u>On the Brief:</u>
Randi L. Halbert, Esq.
Joseph M. Vento, Esq. (admitted *pro hac vice*)

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
*Attorneys for Defendant*

326599463v.1

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.   ARGUMENT.................................................................................................................... 1

    A.    Plaintiff Should be Ordered to Pay Defendant's Attorneys' Fees and Costs
        Incurred Because of the Instant Motion.................................................................... 1

III.  CONCLUSION................................................................................................................. 6

326599463v.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Broadnax v. City of New Haven*,
   415 F.3d 265 (2d Cir. 2005)........................................................................................5

*Cardwell v. Davis, Polk & Wardwell, LLP*,
   No. 1:19-cv-10256 (GHW), 2021 WL 2650371 (S.D.N.Y. June 28, 2021).........................2, 6

*Dailey v. Societe Generale*,
   108 F.3d 451 (2d Cir. 1997)........................................................................................5

*Greenway v. Buffalo Hilton Hotel*,
   143 F.3d 47 (2d Cir. 1998).........................................................................................5

*Hawkins v. 1115 Legal Service Care*,
   163 F.3d 684 (2d Cir. 1998)........................................................................................5

*Juice Creative Grp., LLC v. UncommonGood, Inc.*,
   No. 3:22-CV-01175, 2023 WL 8368232 (D. Conn. Dec. 3, 2023) .........................................1

*Vera v. Alstom Power, Inc.*,
   189 F. Supp. 3d 360 (D. Conn. 2016).............................................................................5

**Other Authorities**

Fed. R. Civ. P. 26...............................................................................................................1

Fed. R. Civ. P. 37...............................................................................................................1

Fed. R. Civ. P. 37(a)(5)(A) .................................................................................................1, 2

326599463v.1

Pursuant to Rules 37 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26 of this Court's Local Rules, Defendant CSC Holdings, LLC ("Defendant") submits this Reply Memorandum of Law in Further Support of its Motion to Compel Discovery, requesting an Order directing Plaintiff Angel Rivera ("Plaintiff") to provide full and fair responses to Defendant's discovery requests, and to award to Defendant attorneys' fees and costs incurred in bringing this motion.

## I.      PRELIMINARY STATEMENT

Plaintiff's opposition is notable for what it does not contain: a single justification – let alone a substantial justification – for his persistent refusal to comply with his most basic discovery obligations.  Plaintiff does not dispute that he ignored the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action (the "Protocols").[1]  He does not dispute that he stonewalled Defendant's written discovery requests with boilerplate objections.  Nor does he dispute that he failed to conduct even a cursory search of his own job search profiles until after this motion was filed.  Instead, Plaintiff asks this Court to excuse his obstruction because he, under the pressure of motion practice, produced a fraction of what was owed months ago.  The Court should decline that invitation and award Defendant its reasonable attorneys' fees and costs pursuant to FRCP 37(a)(5)(A).

## II.      ARGUMENT

**A.      Plaintiff Should be Ordered to Pay Defendant's Attorneys' Fees and Costs Incurred Because of the Instant Motion**

As stated in Defendant's moving papers, "[m]onetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Juice Creative Grp., LLC v. UncommonGood, Inc.*, No. 3:22-CV-01175

---

[1] *See* https://www.ctd.uscourts.gov/sites/default/files/Discovery_Protocols.pdf.

1

(JCH), 2023 WL 8368232, at *1 (D. Conn. Dec. 3, 2023) (quoting *Cardwell v. Davis, Polk & Wardwell, LLP*, No. 1:19-cv-10256 (GHW), 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021)) (internal citation omitted)).  However, a court must not order sanctions if either: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Here, Plaintiff has failed to demonstrate how any of these exceptions apply.  In fact, Plaintiff's own opposition concedes the central facts that compel the requested relief.

Defendant unquestionably attempted to obtain the most basic discovery in a single plaintiff employment discrimination case – information on the plaintiff's mitigation efforts and subsequent earnings – **before** having to resort to motion practice.  *See* Halbert Decl.[2], *passim*.  It is undisputed that Defendant's counsel sent two letters and eight emails to, and conducted two phone conferences with, Plaintiff's counsel before engaging in motion practice.  *Id.* at ¶ 7.  Accordingly, Plaintiff cannot establish the first exception applies.

As to the second exception, Plaintiff's nondisclosure was not substantially justified. Plaintiff admits did not search for or produce any records of his post-termination earnings – one of the two discovery categories squarely at issue – until **after** Defendant was forced to file this motion.  This alone warrants relief.  The Court's Protocols required this information within thirty days of Defendant's Answer, which was filed on September 2, 2025.  Specifically, the Protocols required Plaintiff to produce:

---

[2] "Halbert Decl." refers to the previously-filed Declaration of Randi L. Halbert, Esq. in Support of Motion to Compel Discovery and for Fees and Costs Pursuant to Fed. R. Civ. P. 37(a)(5)(A). (ECF No. 101.)

326599463v.1

h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and ***income and benefits of subsequent employment***.[3]

Defendant's formal discovery requests, served December 23, 2025, demanded this information again. (Halbert Decl., Exs. A-B.)  Plaintiff doubled down on noncompliance. His response to Request No. 9, served February 20, 2026, consisted of a single, boilerplate objection: "OBJECTION: Request for documents is overly broad and request for documents is not proportional to the needs of the case." (Halbert Decl., Ex. D.)  That was the entirety of Plaintiff's response—no documents, no privilege log, no explanation.  Defendant promptly notified Plaintiff in writing that this response was improper.  (*Id.* at Ex. E.) Plaintiff's answer was to serve a supplemental response on March 12, 2026 that maintained the identical objection verbatim.  (*Id.* at Ex. F.)  This is not the conduct of a party acting in good faith. It is the conduct of a party hoping the issue will simply go away.

The same pattern repeats for the second discovery category – Plaintiff's job search efforts. Plaintiff concedes he produced nothing until ***after*** this motion was filed. Plaintiff's counsel acknowledges that "several calls" to the CT DOL were required to "expedite" records that should have been gathered and produced long before the close of fact discovery. (Opp. Br. at 4.)  There is no contention – nor could there be – that these records are relevant.  Nor does Plaintiff offer any justification for why he ignored the Protocols and Defendants' discovery requests – twice – on this topic.  (Halbert Decl., Exs. D-F.)

What Plaintiff has now produced is woefully inadequate: records his counsel obtained from the CT DOL that merely parrot what Plaintiff told the CT DOL he did to look for work. These are

---

[3]  *See*  https://www.ctd.uscourts.gov/sites/default/files/Discovery_Protocols.pdf  at  3  (emphasis added).

326599463v.1

not independent records of a job search; they are Plaintiff's own self-serving representations to a government agency, repackaged as discovery compliance. They contain only the barest details – employer names, phone numbers, and generic position descriptions such as "Sales" – and omit critical information about whether positions were full- or part-time, compensation, benefits, or qualifications.  This belated production of documents that were always obtainable does not excuse months of noncompliance, nor does it moot a motion that was necessitated by Plaintiff's failure to act.  This is not compliance.  Plaintiff's actions are nothing more than a weak attempt to *appear* compliant, and his antics should be treated accordingly.

Moreover, Plaintiff's discovery responses did not change until **after** Plaintiff admitted at his May 8 2026 deposition that he did not perform an adequate search for response materials. (Halbert Decl., Ex. N.)   Namely, Plaintiff admitted he never searched various profiles he maintained on job search websites such as Indeed and Monster prior to his May 8, 2026 deposition – despite the Protocols and Defendant's initial discovery requests. (Plf. Dep., Halbert Decl., Ex. O at 18:6-22.)  Only after the instant motion was filed did Plaintiff produce records he obtained from the CT DOL, a revised response to Request No. 10, and the Affidavit submitted with his opposition. Plaintiff's opposition makes no attempt to excuse or justify his dereliction of his basic discovery obligations.  Nor does Plaintiff provide any reason why an award of expenses would be unjust here.  That silence speaks volumes.

Indeed, Plaintiff now claims in his Affidavit submitted with his opposition that he searched his "profiles on job search websites including Indeed, Jobvite and Zip Recruiter but do[es] not have any listings of my past job searches." (Plf. Aff., ¶ 4.)  This bare assertion is unsupported by a shred of corroborating evidence.  Plaintiff does not attach a single screenshot showing that his search history is unavailable.  Nor does he explain when he conducted this search or what specific

4

steps he took. And conspicuously absent from Plaintiff's Affidavit is any mention of his Monster.com and Jobs.com (now Randstadusa.com) profiles—the very profiles he testified under oath to maintaining. (Plf. Dep., Halbert Decl., Ex. O at 18:6–22.)  Plaintiff has not demonstrated that these platforms purge historical application data, nor has he provided authorizations or taken any steps to obtain records from these third-party platforms.  The Court should not credit Plaintiff's self-serving, uncorroborated claim that responsive records simply do not exist—particularly when Plaintiff admittedly never looked for them until this motion forced his hand.  And the results of Plaintiff's noncompliance hamper Defendant's ability to challenge Plaintiff's failure to search for suitable replacement work.

Back pay in cases such as this is not available to a plaintiff who fails to mitigate his damages. *Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005). To avoid a back pay award, an employer must establish "that suitable work existed [] and… the employee did not make reasonable efforts to obtain it." *Id.* (quoting *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997)). However, an employer "is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment." *Vera v. Alstom Power, Inc.,* 189 F. Supp. 3d 360, 384 (D. Conn. 2016) (quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998)).  When deciding whether a plaintiff attempted to mitigate her damages, the "ultimate question is whether the plaintiff acted reasonably in attempting to gain other employment or in rejecting proffered employment." *Hawkins v. 1115 Legal Service Care*, 163 F.3d 684, 695 (2d Cir. 1998) (citation omitted).

5

Plaintiff's discovery gamesmanship is designed to prevent Defendant from making precisely this showing.[4]  The Court should not permit it.

Ultimately, the "burden of persuasion as to whether an exception to mandatory expenses applies is on the party opposing the motion." *Cardwell*, 2021 WL 2650371, at \*2.  Plaintiff has failed to meet that burden, and Defendant should therefore be awarded its reasonable attorneys' fees and costs incurred in bringing the instant motion.

### III.    CONCLUSION

In light of the above reasons, Defendant respectfully requests an order awarding it all attorneys' fees and costs incurred in bringing the herein motion.

Dated: June 22, 2026                          Respectfully submitted,

SEYFARTH SHAW LLP

By:*/s/ Randi L. Halbert*_____
Randi L. Halbert (CT 20601)
Cameron A. Smith (CT 31721)
Joseph M. Vento (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Tel: (212) 218-5500
Fax: (212) 218-5256

*Attorneys for Defendant,*
*CSC Holdings, LLC*

---

[4] It is noteworthy that Plaintiff, represented by Mr. Bochanis, first alleged his termination of employment was unlawful before the Connecticut Commission of Human Rights in March 2022. (Halbert Decl., Ex. F.)   His failure to preserve evidence related to his subsequent earnings or job search efforts raises spoliation issues.  Defendant reserves the right to seek an adverse inference instruction at trial if it is later established that Plaintiff failed to preserve these records after litigation was reasonably anticipated.

6

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing Defendant's Reply Memorandum of Law in Support of Motion to Compel and for Fees and costs pursuant to fed. R. Civ. P. 37(a)(5)(a), was filed with the Clerk using the CM/ECF filing system, which send notice of filing to all counsel of record.

*/s/ Randi L. Halbert*
Randi L. Halbert
*Attorney for Defendant*
*CSC Holdings, LLC*

7

326599463v.1